IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>vs.<br><br>UIKI TEAUPA,<br><br>Defendant-Petitioner. | Cr. No. 12-01128 JMS<br>Civ. No. 16-00385 JMS-KSC<br><br>ORDER:  (1) DENYING DEFENDANT-PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

**ORDER (1) DENYING DEFENDANT-PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

**I.  INTRODUCTION**

On July 11, 2016, pro se Defendant-Petitioner Uiki Teaupa ("Teaupa") filed a timely motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion").  Def.'s Mot., ECF No. 145.  Teaupa argues that he was provided constitutionally ineffective assistance when his attorney, Harlan Kimura ("Kimura"), failed:  (1) to move pretrial to dismiss the Superseding Indictment; (2) to object to the amount of methamphetamine attributed to Teaupa at sentencing; (3) to seek a two-level reduction for acceptance of responsibility at sentencing; and (4) to appeal the

government's failure to file a motion for a downward departure based on substantial assistance at sentencing.  For the following reasons, the court DENIES Teaupa's § 2255 Motion.

## II. <u>BACKGROUND</u>

### A.    Factual Background

On October 20, 2009, Teaupa was arrested in Kona, Hawaii, on an outstanding bench warrant stemming from an unrelated case.  Presentence Investigation Report ("PSR") ¶ 10, ECF No. 116.  At the police station, Teaupa asked to speak with Officer Edwin Buyten ("Buyten"), with whom he was acquainted.  *Id.*  Teaupa informed Buyten that he had flown from the mainland the day before with S.F. and that they had transported drug proceeds from Hawaii to California.[1]  *Id.*  Teaupa also told Buyten that S.F. was scheduled to fly back to California with approximately $100,000.  *Id.*

On February 23, 2011, Teaupa contacted Buyten and arranged a meeting with him, along with FBI Special Agent Michael Rotti ("Rotti").  Tr. (Mar. 12, 2013) at 21, 24-26, ECF No. 128; PSR ¶ 15.  Teaupa told Buyten and Rotti that Samuela Veatupu ("Veatupu") was the leader of a Big Island methamphetamine distribution organization.  ECF No. 128 at 27; PSR ¶ 15.

---

[1] Because S.F. was not charged, the court uses his initials and not his full name.

Teaupa also told Buyten and Rotti that he (Teaupa) was a "drug mule," and that he had "body carried" one pound of methamphetamine the week before, and described further drug transactions to which he had been a party.  ECF No. 128 at 27-28; PSR ¶ 16.  Teaupa continued to contact Buyten and provide him with information about his own and Veatupu's drug distribution activities.  *See* Tr. (Mar. 13, 2013) at 15-16, 141, ECF No. 129.

On November 2, 2012, Buyten and Rotti arrested Teaupa pursuant to a post-indictment warrant.  *Id.* at 32; PSR ¶ 22.  After waiving his *Miranda* rights, Teaupa discussed various methamphetamine transactions and his role as a drug courier or "mule" for Veatupu.  ECF No. 129 at 33-34; PSR ¶ 22.

Prior to trial, Teaupa filed, pursuant to Federal Rule of Criminal Procedure 12.3, a Notice of Public Authority Defense.  ECF No. 15.  And at trial, he admitted to engaging in various drug trafficking activities, but insisted he did so on behalf of law enforcement.  PSR ¶¶ 31-35.  Teaupa testified at trial to transporting a total of twenty-two pounds of methamphetamine for Veatupu as follows:

| Date | Quantity |
| --- | --- |
| Fall 2008 | 1 pound |
| February 2009 | 1 pound |
| August 2009 | 2 pounds |
| 12/08/2010 | 2 pounds |
| 02/15/2011 | 1 pound |
| 03/04/2011 | 2 pounds |

| | |
|---|---|
| 04/02/2011 | 2 pounds |
| 04/19/2011 | 2 pounds |
| December 2011 | 7 pounds |
| February 2012 | 2 pounds |

PSR ¶ 33; *see also* ECF No. 130, 77-97.

## B.   Course of Proceedings

Teaupa was charged in the Superseding Indictment on February 6, 2013, with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 1) and possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 2).  ECF No. 40.  The conspiracy charged in Count 1 covered a three-year period, spanning from February 2009 through February 2012. *Id.*

At trial, the jury rejected Teaupa's public authority defense and found him guilty of both counts.  *See* ECF Nos. 104 (Jury Instruction No. 19 covering the public authority defense) and 107 (Verdict Form).  The court sentenced Teaupa on July 8, 2013, to a total of 300 months of incarceration,[2] to be followed by five years of supervised release.  Am. J. at 3-4, ECF No. 118.  The Ninth Circuit

---

[2] The court sentenced Teaupa below the advisory guideline range of 360 months to life (Offense Level 40, Criminal History Category III).  PSR ¶¶ 91, 144.

affirmed Teaupa's conviction and sentence on June 18, 2015. *See United States v. Teaupa*, 617 F. App'x 699 (9th Cir. 2015) (memorandum disposition). On August 6, 2015, the court reduced Teaupa's sentence to 292 months, pursuant to Guideline Amendment 782. ECF No. 143.

## C.      Veatupu's Conviction

Veatupu was also prosecuted in the District of Hawaii. On June 21, 2012, an Indictment charged Veatupu with four counts of distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). *See* Cr. No. 12-00647 SOM, at ECF No. 1. The basis for Veatupu's conviction was a series of controlled purchases of methamphetamine between Veatupu and a confidential source. ECF No. 132 at 14. Teaupa did not cooperate in Veatupu's prosecution. ECF Nos. 129 at 56; 132 at 14. On October 18, 2012, Veatupu pled guilty to all four counts. ECF No. 17.

Judge Susan Oki Mollway granted the government's motion for a downward departure, based on Veatupu's substantial assistance, and sentenced Veatupu to a total of twenty-four months of incarceration, to be followed by five years of supervised release.[3] Cr. No. 12-000647 SOM, ECF No. 37.

---

[3] As part of that assistance to the government, Veatupu testified as a government witness at Teaupa's trial. ECF No. 129 at 59-112.

## III.  <u>STANDARD OF REVIEW</u>

Title 28 U.S.C. § 2255(a) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  R. 4(b), Rules Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible [or] patently frivolous," *Blackledge v. Allison*, 431 U.S. 63, 76 (1977), or if the issues can be conclusively decided on the basis of the evidence in the record.  *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief").  Conclusory statements in a § 2255 motion are insufficient to require a hearing.  *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).  A petitioner must "allege specific facts which, if true, would entitle him to relief."

*United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).

Because the court concludes that the issues in Teaupa's § 2255 Motion can conclusively be decided on the basis of the existing record, the court will not hold an evidentiary hearing.

## IV. <u>DISCUSSION</u>

### A.   Legal Standard for Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance claim, Teaupa must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance.  *Id.* at 689-90; *see Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990).  A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies.  *See Strickland*, 466 U.S. at 697.  In other words, any deficiency that does not result in prejudice necessarily fails.

**B.    Application of Legal Standard**

Teaupa argues that he is entitled to relief under § 2255 for ineffective assistance of counsel because Kimura failed:  (1) to move pretrial to dismiss the Superseding Indictment; (2) to object to the amount of methamphetamine attributed to Teaupa at sentencing; (3) to seek a two-level reduction for acceptance of responsibility for Teaupa at sentencing; and (4) to appeal the government's failure to file a motion for a downward departure at sentencing.  For the reasons below, the court disagrees.

### 1.    *Failure to Move Pretrial to Dismiss the Superseding Indictment*

Teaupa argues that "Kimura provided ineffective assistance of counsel for failing to object to the offenses charged in Counts 1 and 2 of the Superceding Indictment; since, the charges were not alleged against the principal, Samuela Veatupu."  § 2255 Motion at 15, ECF No. 145.  Teaupa claims the "information the Government used to indict [Teaupa] could have been used to indict Samuela Veatupu," whom Teaupa claims was "more culpable than [Teaupa]" and the "leader, manager, [and] supervisor of the conspiracy[.]"  *Id.* at 15, 20.

But this claim, standing alone, clearly fails.  "Whether to prosecute and what charge to file or bring before the grand jury are decisions that generally rest in the prosecutor's discretion."  *United States v. Batchelder*, 442 U.S. 114, 115 (1979).  "Courts generally have no place interfering with a prosecutor's discretion

regarding whom to prosecute, what charges to file, and whether to engage in plea

negotiations." *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 976 (9th Cir.

2000).   And so, "federal court supervision of a prosecutor's decision to proceed

against one defendant and not another would open a Pandora's box." *United States*

*v. Vilchez*, 967 F.2d 1351, 1356 (9th Cir. 1992).[4]

Apparently aware of this law, Teaupa appears to make two

constitutional claims:  (1) that there is "a significant possibility" that the charging

decision "was exercised with a vindictive motive or purpose," § 2255 Motion at

15, ECF No. 145; and (2) that the government brought more severe charges against

him than against Veatupu because of Teaupa's indigent status.  Def.'s Reply at 10,

ECF No. 150.   The court will address these claims in turn.

      a.     *Vindictive prosecution*

A prosecutor violates a defendant's due process rights when he brings

additional charges solely to punish the defendant for exercising constitutional or

statutory rights.  *United States v. Noushfar*, 78 F.3d 1442, 1446 (9th Cir. 1996).

To establish a vindictive prosecution claim, a defendant must make a threshold

showing that the prosecutor brought charges of increased severity because the

---

[4]  And, in any event, the United States has demonstrated why Veatupu was charged differently than Teaupa.  Teaupa's cooperation was limited to the seizure of currency from S.F., and thus Veatupu's indictment was based on the only evidence available to the government -- "hand to hand drug buys" with a confidential informant.  ECF Nos. 147 at 12-13; 132 at 14.

defendant "exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *Id.* (emphasis omitted).  If the defendant can make a threshold showing, the burden shifts to the prosecution to demonstrate a non-vindictive reason for the prosecution.  *Id.*

Teaupa has failed to come close to making the threshold showing necessary to establishing a vindictiveness claim.  Teaupa has not identified any specific procedural, statutory, or constitutional right that he exercised, or how the circumstances surrounding his exercise of such a right gave rise to an appearance of vindictiveness.  And on independent review, the record is completely devoid of any evidence that Teaupa's prosecution was vindictive.

> b.    *Suspect characteristics*

Courts "have no jurisdiction to review prosecutors' charging decisions, absent proof of discrimination based on suspect characteristics such as race, religion, gender or personal beliefs."  *United States v. Oakes*, 11 F.3d 897, 899 (9th Cir. 1993) (citations omitted).

Teaupa argues in his reply brief that he was charged with more severe crimes than Veatupu because of Teaupa's "indigent status," asserting that "[Teaupa] was poor and had nothing to forfeit to the Government and Veatupu had money."  ECF No. 150 at 10.  First, the court disregards this argument, which Teaupa raised for the first time in his reply brief.  *See Mendoza v. United States*,

2013 WL 2389685 at *11 n.10 (D. Haw. May 30, 2013) (disregarding arguments a

§ 2255 petitioner raised for the first time in his reply brief) (citing *United States v.*

*Berry*, 624 F.3d 1031, 1039 n.7 (9th Cir. 2010) and *Belgrade v. Montana*, 123 F.3d

1210, 1216 (9th Cir. 1997)).  Second, even if timely raised, this argument fails.

That is, even if indigency qualifies as a "suspect characteristic," there is simply no

evidence cited by Teaupa to support this allegation.  In fact, the opposite appears

true -- Veatupu (like Teaupa) was indigent.  *See* Cr. No. 12-00647 SOM, at ECF

No. 7 (Veatupu's CJA 23 Financial Affidavit, resulting in the appointment of

court-appointed counsel).

      In light of the broad discretion of prosecutors in charging decisions,

Teaupa has failed to demonstrate how Kimura's failure to move to dismiss the

Superseding Indictment fell below an objective standard of reasonableness.

Further, Teaupa has failed to demonstrate how the proceeding would have been

different if Teaupa had moved to dismiss the indictment.  Kimura's failure to move

to dismiss the indictment therefore does not constitute ineffective assistance of

counsel.

      **2.**    ***Failing to Object to the Amount of Methamphetamine Attributed to Teaupa at Sentencing***

      Next, Teaupa argues that Kimura should have objected to the amount

of methamphetamine attributed to him at sentencing because a substantially

smaller amount of methamphetamine was attributed to Veatupu at his sentencing (when Veatupu was the purported leader of the conspiracy).  ECF No. 145 at 20-22.  Although not articulated, Teaupa may be claiming that the court failed to consider the need to avoid an unwarranted sentencing disparity in his sentencing pursuant to 18 U.S.C. § 3553(a)(6).[5]

First, Teaupa was sentenced before Veatupu -- in other words, the court could not have considered Veatupu's sentence when imposing Teaupa's sentence.[6]  Kimura therefore could not have raised an issue of unwarranted sentencing disparities.

Further, the quantity of drugs attributed to Teaupa at his sentencing was consistent with the trial evidence.  At sentencing, the court attributed 9,072 grams (approximately twenty pounds) of generic methamphetamine and 907.2 grams (approximately two pounds) of "ice" to Teaupa.  PSR ¶ 44.  These quantities are consistent with Teaupa's own trial testimony.  ECF No. 130 at 77-97; *see also* ECF No. 116 ¶ 33.  Indeed, Teaupa does not argue that the amount of drugs attributed to him at sentencing was erroneous or unsupported by the evidence.

---

[5] At sentencing, among other factors, the court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]"  18 U.S.C. § 3553(a)(6).

[6] Teaupa was sentenced on July 8, 2013.  ECF No. 113.  Veatupu was sentenced on November 4, 2013. Cr. No. 12-00647 SOM, at ECF No. 37.

And even if Kimura had objected to the amount of methamphetamine attributed to Teaupa at sentencing, the court would have had no basis to sustain that objection.

Teaupa has thus failed to assert a non-frivolous basis on which Kimura could have objected to the amount of methamphetamine attributed to Teaupa at sentencing.  And had Kimura objected, the court would have rejected that objection.  Accordingly, Teaupa has not demonstrated that Kimura's failure to object to the amount of drugs attributed to him at sentencing fell below an objective standard of reasonableness, or that such an objection would have changed the outcome of the proceeding.

### 3. *Failing to Seek a Two-Level Reduction for Acceptance of Responsibility at Sentencing*

For his third ground, Teaupa argues that Kimura was ineffective for failing to seek a two-level reduction for acceptance of responsibility at sentencing given that Teaupa had admitted to the underlying conduct at trial as charged in the Superseding Indictment.

A criminal defendant who "clearly demonstrates acceptance of responsibility for his offense" is eligible for a two-level offense level reduction under United States Sentencing Guidelines ("USSG") § 3E1.1.  "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and

13

only then admits guilt and expresses remorse." *Id.* cmt. 2.  However, there are

"rare situations" in which a "defendant may clearly demonstrate an acceptance of

responsibility for his criminal conduct even though he exercises his constitutional

right to a trial." *Id.*  Examples of such a rare situation would be a "defendant who

goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to

make a constitutional challenge to a statute or a challenge to the applicability of a

statute to his conduct)." *Id.*

    "[A] defendant's persistence in maintaining that he lacked criminal

intent because he engaged in criminal actions at the behest of the government is

'incompatible with acceptance of responsibility.'"  *United States v. Doe*, 778 F.3d

814, 827 (9th Cir. 2015) (quoting *United States v. Burrows*, 36 F.3d 875, 883 (9th

Cir. 1994)).  And because Teaupa put the Government to its burden of proof at trial

in order to pursue a public authority defense, he is ineligible for a sentence

reduction predicated on the acceptance of responsibility.

    Regardless, the court's finding that Teaupa obstructed justice

precluded Teaupa from being eligible for a two-level reduction for acceptance of

responsibility.  At sentencing, the court explained:

> I cannot ignore[] the fact that this defendant took the witness
> stand on several occasions, and in my view told [bald-faced]
> lies.  It is a mockery of the judiciary and the justice system
> when somebody as blithely as this defendant takes the witness
> stand, raises their right hand, swears to tell the truth, and then

> lies.  And that's exactly what happened in this case on several
> occasions.

Tr. (July 8, 2013) at 17, ECF No. 132.  As such, the court would not have granted

Teaupa a two-level reduction for acceptance of responsibility, even if requested.

*See* USSG § 3E1.1 cmt. 4 ("Conduct resulting in an enhancement under § 3C1.1

(Obstructing or Impeding the Administration of Justice) ordinarily indicates that

the defendant has not accepted responsibility for his criminal conducts.");[7] *see also*

*United States v. Magana-Guerrero*, 80 F.3d 398, 401 (9th Cir. 1996) ("Our

conclusion that [Defendants] obstructed justice goes a long way toward disposing

of their arguments that the district court erred in deciding that they failed to accept

responsibility[.]").

    Kimura's failure to seek such a reduction did not therefore fall below

an objective standard of reasonableness, nor did it affect the outcome of the

proceedings.

///

///

---

[7] The Sentencing Guidelines provide for the possibility of such a reduction in "extraordinary cases."  USSG § 3E1.1 cmt. 4; *see also United States v. Hopper*, 27 F.3d 378, 383 (9th Cir. 1994) ("[T]he relevant inquiry for determining if a case is an extraordinary case within the meaning of Application Note 4 is whether the defendant's obstructive conduct is not inconsistent with the defendant's acceptance of responsibility.") (emphasis omitted).  But this is not an extraordinary case -- Teaupa willfully provided false trial testimony in order to evade guilt.  ECF No. 132 at 7-10.

### 4.   *Failing to Appeal the Government's Failure to File a Downward Departure Motion*

Finally, Teaupa argues that Kimura, who also served as appellate counsel, should have appealed the government's failure to file a USSG § 5K1.1 motion for a downward departure at sentencing.  ECF No. 145 at 23-25.  At the sentencing hearing, Kimura argued that Teaupa was entitled to a "downward variance" because Teaupa purportedly assisted the government in its investigation of Veatupu.  ECF 132 at 11.  On appeal, Kimura did not raise the government's failure to file a § 5K1.1 motion.  *See generally Teaupa*, 617 F. App'x 699.

The government has a "power, not a duty, to file a motion when a defendant has substantially assisted," but "a prosecutor's discretion when exercising that power is subject [only] to constitutional limitations that district courts can enforce."  *Wade v. United States*, 504 U.S. 181, 185 (1992); *see also United States v. Flores*, 559 F.3d 1016, 1019 (9th Cir. 2009) ("Even if a defendant has provided substantial assistance, we may not grant relief unless the government's failure to file a § 5K1.1 motion was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to a legitimate government purpose.").  Even assuming that Teaupa provided assistance

16

to the government in its investigation and prosecution of Veatupu,[8] Teaupa has not

argued (let alone proved) that the government's failure to file a § 5K1.1 motion

was based on an impermissible motive.  *See generally* ECF No. 145 at 23-25.  And

the record is devoid of any indication that the government's motive was

impermissible.

Because the government's decision as to whether to file a § 5K1.1

motion is discretionary, Kimura's decision not to appeal the government's failure

to file a § 5K1.1 motion did not constitute ineffective assistance of counsel.

Counsel's failure to appeal a discretionary decision on the part of the government

did not fall below an objective standard of reasonableness, and such an appeal

would not have affected the outcome of the proceedings.

## V.  <u>CERTIFICATE OF APPEALABILITY</u>

In dismissing the § 2255 Motion, the court must also address whether

Teaupa should be granted a certificate of appealability ("COA").  *See* R. 11

Governing Section 2255 Proceedings (providing that "[t]he district court must

issue or deny a certificate of appealability when it enters a final order adverse to

---

[8] In fact, the United States has shown that Teaupa did not provide the information that led to Veatupu's conviction (instead, his charges were based on "hand-to-hand drug buys" with a confidential informant), and that Teaupa's assistance was limited to the seizure of some currency.  ECF Nos. 147 at 12-13; 132 at 14.

the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The court carefully reviewed all of Teaupa's assertions and gave him every benefit by liberally construing them. Based on the above analysis, the court finds that reasonable jurists could not find the court's rulings debatable.

Accordingly, a COA is DENIED.

## VI.  CONCLUSION

Teaupa's § 2255 motion is DENIED for the reasons herein. Teaupa is further DENIED a COA. The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, December 12, 2016.



  /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Teaupa*, Cr. No. 12-01128 JMS, Civ. No. 16-00385 JMS-KSC, Order:
(1) Denying Defendant-Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and (2) Denying a Certificate of Appealability