IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>　　vs.<br><br>UIKI TEAUPA,<br><br>　　　　Defendant-Petitioner. | Cr. No. 12-01128 JMS<br>Civ. No. 16-00385 JMS-KSC<br><br>ORDER (1) DENYING DEFENDANT-PETITIONER'S MOTION TO RELIEVE PETITIONER FROM FINAL JUDGMENT PURSUANT TO RULE 60(b), ECF NO. 160; AND (2) REFERRING MOTION TO NINTH CIRCUIT COURT OF APPEALS |

**ORDER (1) DENYING DEFENDANT-PETITIONER'S MOTION TO RELIEVE PETITIONER FROM FINAL JUDGMENT PURSUANT TO RULE 60(b), ECF NO. 160; AND (2) REFERRING MOTION TO NINTH CIRCUIT COURT OF APPEALS**

**I. BACKGROUND**

On July 11, 2016, pro se Defendant-Petitioner Uiki Teaupa ("Teaupa") filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). ECF No. 145.[1] Teaupa argued that he was provided constitutionally ineffective assistance when his trial counsel failed: (1) to move pretrial to dismiss the Superseding Indictment; (2) to object to the amount of methamphetamine attributed to Teaupa at

---

[1] All "ECF No." references are to Cr. No. 12-01128 JMS.

sentencing; (3) to seek a two-level reduction for acceptance of responsibility at sentencing; and (4) to appeal the government's failure to file a motion at sentencing for a downward departure based on substantial assistance. On December 12, 2016, the court denied the § 2255 Motion and denied a certificate of appealability. ECF No. 152. On June 12, 2017, the Ninth Circuit denied Teaupa's request for a certificate of appealability, finding that he failed to make a "substantial showing of the denial of a constitutional right." ECF No. 158. Then, on August 2, 2017, the Ninth Circuit denied Teaupa's motion for reconsideration and rehearing en banc. ECF No. 159.

Teaupa now moves for relief pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"). ECF No. 160. He claims that this court failed to afford him the opportunity to conduct discovery and that the court erred in not holding an evidentiary hearing on his § 2255 Motion. Because the court determines that Teaupa's Rule 60(b) Motion raises "claims" on the merits (and not a defect in the integrity of the § 2255 Motion proceedings), it must be construed as a second or successive § 2255 petition. The court thus refers the Rule 60(b) Motion to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

## II. **ANALYSIS**

Rule 60(b) provides that a district court may relieve a party from a final judgment, order, or proceeding where the movant has shown one or more of

the following: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason justifying relief.  A party seeking Rule 60(b)(6) relief must show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

A Rule 60(b) motion, however, cannot be used to undermine the limitations on the collateral attack of a federal conviction.  A federally convicted defendant is generally limited to a single § 2255 petition; a "second or successive" § 2255 petition may not be filed or considered without meeting "the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).[2]  And "[b]ecause of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the

---

[2] Under this exacting standard,  a second or successive petition cannot be considered by the district court unless first certified by the court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

3

strictures of § 2255(h)," including characterizing "their pleading as being a motion under Rule 60(b) of the Federal Rules of Civil Procedure." *Id*. at 1059.

In order to determine whether a motion brought under Rule 60(b) is a second or successive § 2255 petition or a properly-brought Rule 60(b) motion, courts examine the substance of the motion to see if it sets forth a "claim" (such that it must be construed as a § 2255 petition) or raises a defect in the integrity of the § 2255 proceeding (such that it is a proper Rule 60(b) motion). *Gonzalez,* 545 U.S. at 531-33.[3] As an example, *Gonzalez* teaches that a Rule 60(b) motion sets forth a claim "if it attacks the federal court's previous resolution of a claim *on the merits*[.]" *Id.* at 532. On the other hand, a properly-brought Rule 60(b) motion includes one asserting a defect in the integrity of the § 2255 proceeding. *Id*.

And in the Ninth Circuit, a Rule 60(b) motion asserting that the district court declined to hold an evidentiary hearing is considered a "claim" on the merits of the § 2255 petition:

> Similarly, [Defendant's] argument that [the district court judge] mishandled the § 2255 motion because he failed to develop the record sufficiently, lacked familiarity with the facts of the case, failed to make detailed rulings on each of [Defendant's] claims, and declined to conduct an evidentiary hearing on [Defendant's] actual innocence

---

[3] Although *Gonzalez* analyzed the interplay between Rule 60(b) and § 2254 proceedings, *Gonzalez* applies equally to § 2255 proceedings. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011).

4

> claim, does not constitute an allegation of a defect in the integrity of the proceedings; rather, such arguments are merely asking "for a second chance to have the merits determined favorably," *Gonzalez*, 545 U.S. at 532 n. 5, 125 S. Ct. 2641, and are precisely the sort of attack on "the federal court's previous resolution of a claim on the merits," *id*. at 532, 125 S. Ct. 2641 (emphasis omitted), that *Gonzalez* characterized as a "claim" which is outside the scope of Rule 60(b).

*Washington*, 653 F.3d at 1064. Many other courts agree. *See, e.g.*, *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009) (finding that challenging the failure to hold an evidentiary hearing is a claim on the merits); *McCurdy v. United States*, 2016 WL 1170970 (D. Maine Mar. 24, 2016); *Robles-Garcia v. United States*, 2014 WL 3534016 (N.D. Iowa July 16, 2014); *Blackwell v. United States*, 2009 WL 3334895 (E.D. Mo. Oct. 14, 2009).

Here, the decision to rule on Teaupa's § 2255 Motion without a hearing was a merits-based decision. In its December 12, 2106 Order, this court stated,

> A court may dismiss a § 2255 motion if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." R. 4(b), Rules Governing Section 2255 Proceedings. A court need not hold an evidentiary hearing if the allegations are "palpably incredible [or] patently frivolous," *Blackledge v. Allison*, 431 U.S. 63, 76 (1977), or if the issues can be conclusively decided on the basis of the evidence in the record. *See United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary

5

> hearing on a § 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). A petitioner must "allege specific facts which, if true, would entitle him to relief." *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (internal quotation marks and citation omitted).
>
> Because the court concludes that the issues in Teaupa's § 2255 Motion can conclusively be decided on the basis of the existing record, the court will not hold an evidentiary hearing.

ECF No. 152 at 6-7; *United States v. Teaupa*, 2016 WL 7190514, at *2-3 (D. Haw. Dec. 12, 2016).

As this language makes clear, this court's decision not to hold an evidentiary hearing was based on the evidence — that is, it was merits-based because the record before the court showed that Teaupa was not entitled to relief. Put differently, because his claim was so lacking in merit, Teaupa was not entitled to an evidentiary hearing. And as stated in *Lindsey*, "there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination." 582 F.3d at 1176. Thus, Teaupa's Rule 60(b) attack on the court's failure to hold an evidentiary hearing on his § 2255 Motion raises a "claim" on the merits and is construed as a second and successive petition.

6

Teaupa's claim that the court denied him his "procedural right to discovery" fares no better. Rule 60(b) Motion at 2. First, there is no right — at least an automatic one — for discovery in a § 2255 proceeding. Under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge may authorize discovery for "good cause." And a party requesting discovery must provide reasons for the request. *Id.* Thus, discovery is available in a § 2255 proceeding only in the discretion of the court upon a showing of good cause.

Moreover, Teaupa never requested any discovery. Without having made the request, there was simply no reason for the court to grant Teaupa the right to conduct discovery. As such, this allegation is akin to a claim on the merits, and not one asserting a defect in the integrity of the § 2255 proceeding. It, too, is construed as a second or successive § 2255 petition.

### III. **CONCLUSION**

Teaupa's Rule 60(b) Motion raises "claims" on the merits of his § 2255 Motion, and is thus properly construed as a second or successive § 2255 petition.

Ninth Circuit Rule 22-3(a) provides that if "a second or successive" petition or motion, or "an application for authorization to file [such a petition or] motion, is mistakenly submitted to the district court, the district court shall refer it

to the court of appeals." Having construed Teaupa's Rule 60(b) motion as a second or successive § 2255 petition, the court refers the matter to the Ninth Circuit pursuant to Rule 22-3(a).

       IT IS SO ORDERED.

       Dated: Honolulu, Hawaii, December 20, 2017.



       /s/ J. Michael Seabright
       J. Michael Seabright
       Chief United States District Judge

*United States v. Teaupa*, Cr. No. 12-01128 JMS, Civ. No. 16-00385 JMS-KSC, Order (1) Denying Defendant-Petitioner's Motion to Relieve Petitioner From Final Judgment Pursuant To Rule 60(b), ECF No. 160; and (2) Referring Motion to Ninth Circuit Court of Appeals